UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NED CHARTERING & TRADING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 95-0991 (TFH/DAR) | |
| | ) | |
| REPUBLIC OF PAKISTAN, et al., | ) | **FILED** |
| | ) | |
| Defendants. | ) | JUL 0 9 2001 |

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

**ORDER**

On February 2, 2001, this Court entered final judgment against the defendants awarding

attorneys' fees to the plaintiffs in the amount of $16,315.18. Because the defendants have neither

satisfied that judgment nor posted a bond to stay execution pending their appeal, the plaintiffs

now move, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1620(c),[1]

for an order of the Court authorizing plaintiff to attach the defendant's property in the United

States and "to take such other action in aid of execution as may be permitted by law." Pls.' Mot.

at 1. Upon careful consideration of the plaintiffs' motion, the opposition thereto, and the entire

record in this case, it is hereby

**ORDERED** that the plaintiffs' motion is **DENIED** at this time. The defendants have

represented to this Court through counsel that they have "arranged for the State Bank of Pakistan

to issue a letter of credit in favor of the National Bank of Pakistan so that the National Bank, in

---

[1] The FSIA provides that "[n]o attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c)

$\omega D$

turn, may provide security for a bond pending this appeal . . . ." Defs.' Opp'n at 2; see also id.,

Ex. 1 (message from Pakistan Ministry of Food, Agriculture, and Livestock of May 26, 2001

stating that $380,000 has been secured in favor of National Bank of Pakistan). The Court

therefore finds that the defendants have been taking active steps to post the requisite security, and

that the delay in so doing has stemmed primarily from what they call a "slow-moving

bureaucracy." Defs.' Opp'n at 3. It is thus premature—at this time—to grant the relief sought by

the plaintiffs. However, the defendants' are well-advised to post the security, or satisfy the

judgment, in the very near future. Plaintiffs shall remain free to renew this motion for the

Court's reconsideration if the defendants fail to do so within a reasonable time.

**SO ORDERED.**

July __9__, 2001

_____
Thomas F Hogan
Chief Judge